**ROBAK v. PENNSYLVANIA R. CO.**

No. 5907.

United States District Court
E. D. Pennsylvania.

Feb. 1, 1949.

Elwood S. Levy, of Philadelphia, Pa., for plaintiff.

Joseph S. Clark, Jr. and Barnes, Dechert, Price, Smith & Clark, all of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a motion for a new trial, alleging error in the charge to the jury. Plaintiff brought suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and recovered a verdict of $6,500.00. Defendant filed a motion for a new trial, on several grounds, but in argument and brief, is apparently only pressing its objections to the charge. Plaintiff's case was based on two theories of negligence: that defendant assigned her to too heavy work on the railroad, with instructions not to ask for extra help, and as a result she injured her back; and defendant continued her on this heavy work after being put on notice that plaintiff had suffered a back

injury. Defendant contends that the charge was erroneous in the following respects; in submitting the first issue of negligence to the jury, the Court accepted as true plaintiff's testimony that she had been told not to ask for assistance; in submitting the second issue of negligence to the jury, the Court failed to make clear the legal results flowing from a jury determination of whether defendant gave plaintiff lighter work after receiving notice of her injured back; in submitting the question of damages to the jury, the Court unfairly emphasized the testimony of plaintiff's doctor and did not allude to defendant's medical testimony. These are defendant's chief objections. In addition, defendant contends that the charge was erroneous in inadequately stating the issues of negligence on both theories. Plaintiff argues that no error was committed at all and that the last two alleged errors in the charge were never called to the trial judge's attention, and cannot, therefore, be pressed now. Cf. Rule 51, Rules of Civil Procedure for United States District Courts, 28 U.S.C.A.

█ After closely examining the Notes of Testimony, I feel that a new trial is not warranted for any of the reasons set out above. As to the first contention, defendant's counsel after a side-bar conference requested the Court to charge "That the evidence was conflicting on that point as to whether she was instructed, and it was for the jury to determine whether she was or not." It is true that the Court remarked at side-bar that this request was well taken and later failed to charge, as requested. However, a close perusal of the record fails to disclose any conflict on this point at all. Plaintiff testified that she was told by her gang foreman not to ask for help in doing her work and that, when she injured her back lifting a heavy seat, she had been afraid to ask for assistance. Nowhere in the record is this statement denied. The gang foreman testified for the defense at length, but this point was not raised. In fact, his view of plaintiff as a chronic complainer would serve to corroborate her testimony that she was told not to ask for help. In addition, his superior admitted under cross-examination that he had told plaintiff to handle her work or get another job. I can find no testimony that would justify a direction to the jury that the evidence on the instructions given to plaintiff was conflicting. On the contrary, the record discloses that the real controversy for the jury was not whether plaintiff was warned not to complain or ask for help but whether she actually was given heavy work to do either before or after her injured back was reported to the company. Furthermore, the credibility of all witnesses, including plaintiff, was clearly left to the jury. In reading plaintiff's points for charge to the jury, the Court plainly indicated that a verdict for plaintiff would result only if the jury found the facts to which plaintiff testified. Accordingly, therefore, I feel no error was committed and do not find it necessary to decide whether even if the instruction to the jury were incorrect, defendant's failure to take further exception or to make its requested instruction clear would prevent it from raising the issue now.

█ As to defendant's second contention, I think it sufficient to point out that the Court's charge did originally present to the jury the main issue of whether the company had actually put plaintiff on lighter work after receiving a note from her. The Court said,

"On that there is a conflict too. We find that some of the witnesses on behalf of the company have testified that she was separated from that work. There are inconsistencies there that you will have to work out, a conflict head on. You will have to sort of work them out your way."

Defendant then pointed out to the Court that there was no conflict, as the Court had also stated, on the issue of whether the company received notice of plaintiff's injured back. The Court then complied with defendant's request that it charge that the company admitted receiving notice but contended that it gave plaintiff lighter work thereafter. However, defendant is now arguing not that the charge was incorrect in this respect, but that the legal consequences flowing from a determination of that issue were not made clear to the jury. I feel that in a case where defendant was

given so much opportunity to press its objections to the charge, failure to call the point to the attention of the trial court would, of itself, bar raising the issue now. But, in addition, I do not think the contention is correct on the merits. The jury was told originally that if plaintiff did not present the note to her foreman, and the company was not on notice, then "they cannot be charged with aggravation of a pre-existing condition." When defendant later conceded, and the Court informed the jury, that notice was given, the issue of aggravation still remained, although defended on another basis; i.e., that plaintiff was given lighter work. In addition, plaintiff's third point for charge was read to the jury, as follows:

"If you find that in February of 1945, the plaintiff gave notice to her superiors that because of the condition of her back she was unable to do any heavy lifting and requested lighter work, and if you further find that her superiors nevertheless directed her to continue in her regular job of lifting and hauling railroad seats and seat backs, and that as a result of the said directions the plaintiff did continue with her regular work, you may find that the defendant company was negligent. If you so find, and if you further find that the plaintiff's condition was either caused by or aggravated by such negligence in whole or in part, your verdict must be for the plaintiff."

■ In defendant's third contention, I can find no merit at all. The substance of its argument is that the Court erred in charging the jury on damages as follows:

"Right here might I say, members of the jury that the testimony of Dr. Jepson, the plaintiff's doctor, was to the effect that the injury has completely passed away; to use his words: 'The effect of injury has completely passed away.' So that, at what date did it pass? We have the testimony of the plaintiff herself, we have the medical testimony. You will determine that date.

The plaintiff, she testified, true, that she still has pain in the back. How long has all this continued? And how long has she been deprived of employment as a result of it? That will be your province."

Defendant argues that mentioning Dr. Jepson in this manner was "emphasis" on his testimony so that failure to comment in addition on defendant's medical testimony was unfair to defendant. I cannot agree with this contention. It seems clear to me that reference to Dr. Jepson was for the use of his phrase solely, a phrase which squarely stated the issue for the jury, and was the least helpful part of his testimony for the plaintiff. In addition, this remark of Dr. Jepson's was specifically called to the Court's attention by defendant's counsel, so that the emphasis, if there is any, was in answer to his request. Finally, the matter was plainly left for the jury to decide from the testimony of plaintiff and the medical testimony.

■■ Defendant's two remaining contentions do not require extended comment. I feel that plaintiff's position that failure to urge them at trial bars consideration of them now is well taken. But, in addition, I feel they fall on the merits as well. There were two theories to plaintiff's case: one, that she suffered an original injury to her back because she had no assistance in doing heavy work, and, two, that her already bad back was aggravated by defendant's failure to put her on lighter work after being put on notice. Defendant argues that the second theory was not presented to the jury at all. I think the discussion above on defendant's second main contention indicates the contrary. Defendant also argues that the first theory was given to the jury inadequately. The charge directed the jury to decide whether the accident happened as plaintiff said it did and whether it was the result of defendant's negligence, and if the answer to either question was in the negative, to find for defendant. In addition, plaintiff's second point for charge, which was read to the jury, squarely covered the point.

Accordingly, therefore, I shall deny defendant's motion for a new trial and an order will be entered in accordance with this opinion.